# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSE AYALA,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:21-CV-00408** |
| | § | |
| **TRADER JOE'S COMPANY,** | § | |
| | § | |
| **DEFENDANT.** | § | |

<u>DECLARATION OF LIZ HANCOCK</u>

1.      My name is Liz Hancock.  I am over 21 years of age.  I am of sound mind, capable of making this Declaration, and personally acquainted with the facts set forth herein. All statements made in this Declaration are true and correct and are based upon my personal knowledge.

2.      I am currently employed as Regional Vice President, South by Southwest for Trader Joe's. I have held this position since 2019. The South by Southwest region includes all store locations in Texas.  Among other things, I generally oversee overall operations for the South by Southwest region. Each region handles terminations differently.  In the South by Southwest region, I am involved in all terminations, and am the final decision maker with regards to all terminations in the region.

3.      Beginning in March 2020, Trader Joe's implemented COVID-19 protocols to maintain the health and safety of its Crew Members and customers.  Trader Joe's communicated these protocols through its Captains and Mates to its Crew Members during daily store meetings and to its customers through store signs.

4.      Beginning in April 2020, Trader Joe's implemented Crew Member Wellness Checks ("Wellness Checks") on a daily basis, wherein Crew Members would answer a series of precautionary health questions.  If a Crew Member answered yes to any of the questions, they were

1

sent home. If a Crew Member answered no to all the questions, they were cleared to work. While the list of symptoms included in the Wellness Check evolved to align with CDC guidance, the substance of the other Wellness Check questions remained the same.

5. On May 1, 2020, Captain Dustin Fuller ("Fuller"), Store 427 on Voss Road in Houston, Texas notified me that Crew Member Jose Ayala ("Ayala") took a COVID-19 test on April 27, 2020 and came into work while he was awaiting test results.

6. I began an immediate investigation into the situation. To verify the facts surrounding the situation, I requested statements from Ayala, Fuller, and Mates with relevant information. During the investigation, I learned that Ayala tested positive for COVID-19 from Captain Fuller.

7. After reviewing the provided statements, I confirmed that Ayala took a COVID-19 test on April 27, 2020, and, despite awaiting test results, he worked on April 29, 2020 and April 30, 2020. I concluded that Ayala's answers in response to the Wellness Check questions were repeatedly inaccurate, and this inaccuracy had exposed other employees and customers to increased risk of infection from COVID-19. I made the decision to terminate Jose Ayala for dishonesty. As Ayala's Captain, Fuller informed Ayala that his employment was terminated.

8. During the course of the investigation, I learned that another Crew Member in another Houston, Texas store location also worked while awaiting COVID-19 test results. I also learned that this employee was Ayala's live-in partner Dilrreng Sweii ("Sweii").

9. However, when I reached out to Sweii's Captain, Josh Hammond, I learned that he had not asked her whether she lived with someone awaiting COVID-19 test results or whether she was awaiting COVID-19 test results on the days she worked after taking the COVID-19 test. As a result, Sweii faced no discipline. Josh Hammond, on the other hand, was given a written warning for failing to ask Sweii all the Wellness Check questions.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____Liz Hancock_____          Date ___6/6/2022___
Liz Hancock

3